```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PAUL WHITE,

                    Petitioner,
                                           MEMORANDUM & ORDER
         -against-                         14-CV-4915(JS)

CHARLES EWALD, Warden of the
Suffolk County Correctional
Facility,

                    Respondent.
----------------------------------X
APPEARANCES
For Plaintiff:      Paul White, pro se
                    158736
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendant:      No appearance
```

SEYBERT, District Judge:

On August 13, 2014, incarcerated pro se petitioner Paul White ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with an application to proceed in forma pauperis. On August 20, 2014, Petitioner filed an application for the appointment of pro bono counsel to represent him in the instant Petition.[1] For the reasons that follow, Petitioner's application to proceed in forma pauperis is GRANTED,

---

[1] Although Petitioner filed this Petition pro se, the Court notes that he claims to have "attended law school in Washington D.C. as well as pass[ed] the Federal Bar Exam to practice before the U.S. Patent and Trademark Office." (Pet., Docket Entry 1, at 15.) Accordingly, Petitioner is not entitled to the special solicitude normally afforded to pro se litigants. Maloney v. Cuomo, 470 F. Supp. 2d 205, 209 (E.D.N.Y. 2007), aff'd, 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 130 S. Ct. 3541, 177 L. Ed. 2d 1119 (2010).

the Petition is DISMISSED, and the application for the appointment of pro bono counsel is DENIED as moot.

## BACKGROUND

Petitioner, a pre-trial detainee at the Suffolk County Correctional Facility, challenges the Constitutionality of his detention, claiming that he has been denied access to the courts. See Pet. ¶¶ 4, 7, 14 and see generally Pet. at 10-75. More specifically, Petitioner claims that, following his October 4, 2013 arrest under Suffolk County indictment numbers 2710-2012 and 912A-2013 for grand larceny, fraud, accessory to mortgage fraud and falsifying business records, he has submitted "over two hundred (200) 'request chits" to have extra time in [the] law library to prepare for his defense and criminal trials." (Pet. at 16.) Plaintiff claims that he has filed "grievances" with the Suffolk County Correctional Facility, the Commission of Corrections, and the Supreme Court, Suffolk County, and that his grievances were denied on July 14, 2014. (Pet. ¶ 7.)

## DISCUSSION

Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution, or laws or treaties of the United States," may file a petition for a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). Section 2241 is also available to state pre-trial detainees who seek to challenge their custody as being in violation of the Constitution or federal law. Hoffler v.

Bezio, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011) (citing United States ex rel. Scranton v. State of New York, 532 F.2d 292, 293 (2d Cir. 1976)). However, "[a]though not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." Robinson v. Sposato, 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. 2012) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632-34 (2d Cir. 2001)); Scranton, 532 F.2d at 294 (" . . . decisional law has superimposed such [an exhaustion] requirement in order to accommodate principles of federalism.").

A petitioner exhausts available state remedies when he has "presented the federal constitutional claim asserted in the petition to the highest state court . . . and informed that court (and lower courts) about both the factual and legal bases for the federal claim." Ramirez v. Attorney Gen. of New York, 280 F.3d 87, 94 (2d Cir. 2001). Thus, "[a] petitioner who has not exhausted available state court or administrative remedies may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." Robinson, 2012 WL 1965631, at *2 (citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-65,

3

115 L. Ed. 2d 640 (1991)) (additional citation omitted).

Here, Petitioner claims only to have filed "grievances" with the Suffolk County Correctional Facility, the Commission of Corrections, and the Supreme Court, Suffolk County and that his grievances were denied on July 14, 2014. Petitioner does not assert that he has presented any of the claims raised in the Petition to the highest state court. Nor has he asserted any cause for his failure to exhaust his state court remedies, any prejudice resulting to him from the alleged violation of his Constitutional rights, or that the failure of this Court to consider his claims will result in a fundamental miscarriage of justice. As such, his Petition must be DISMISSED.

Even if Petitioner had exhausted his Constitutional claims in state court, the instant Petition would still be dismissed. Because there is a criminal proceeding pending against Petitioner in state court, which will present ample opportunity for review of his Constitutional claims, habeas relief is unavailable at this time. Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("Younger generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.") (citing Younger v. Harris, 401 U.S. 37, 43-44, 91 S. Ct. 746, 760, 27 L. Ed. 2d 669 (1971)). Indeed, the habeas corpus statute, cannot be used to "permit the derailment of a pending state

proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493, 93 S. Ct. 1123, 1129, 35 L. Ed. 2d 443 (1973); see also York v. Ward, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) (federal habeas corpus is not to be converted "into a pretrial motion forum for state prisoners.") (internal quotation marks and citation omitted). Petitioner has not alleged any circumstances that would militate against abstention in this case. As such, the Petition must be DISMISSED. Given the dismissal of the Petition, Petitioner's motion for appointment of pro bono counsel is DENIED as moot.

## CONCLUSION

Petitioner's application to proceed in forma pauperis is GRANTED, however his Petition is DISMISSED. Accordingly, Petitioner's application for the appointment of pro bono counsel is DENIED as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

Dated: October  9 , 2014        /s/ JOANNA SEYBERT
Central Islip, New York         Joanna Seybert, U.S.D.J.